**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

EMMANUEL JACKSON BERNADIN, JR.,   )
                                     )
        Plaintiff,                  )
                                     )
     v.                           )   CASE NO.  1:17-cv-2753
                                     )
MARRIOTT INTERNATIONAL INC.,       )
                                     )
        Defendant.               )

**COMPLAINT FOR DAMAGES**

     Emmanuel Jackson Bernadin, Jr. ("Mr. Bernadin"), for his complaint against Marriott

International Inc. ("Defendant"), states as follows:

**Introductory Statement**

     1.     This is an action for damages brought by Mr. Bernadin, a disabled combat veteran

who served in both Afghanistan and Iraq.  Mr. Bernadin was denied access to a public portion of

the Keystone Café and Lounge (the "Café") located at the Sheraton Hotel at Keystone Crossing

(the "Hotel") on or about the morning of October 23, 2016.  Because of his disability, Mr.

Bernadin relies on a service dog named Bronze. Bronze is a fully certified service animal trained

to do work and perform tasks for Mr. Bernadin's benefit, including detecting the onset of

psychiatric episodes and lessening their effects. Employees of the Café and Hotel refused to

allow Mr. Bernadin to sit at his chosen table at the Café's breakfast buffet, initially claiming that

it was a health and safety violation to allow Bronze so near both the food and the other guests.

These employees instead insisted the Mr. Bernadin sit separate from the other guests.  When Mr.

Bernadin questioned the propriety of these actions, he was ultimately required to leave the Hotel.

As a result of the foregoing action, Mr. Bernadin has suffered damage, including lack of access

to a public eating space, unwarranted removal from the Hotel, loss of sleep, severe depression,

the onset of extreme anxiety any time he has to enter a hotel or travel with Bronze (which is often), and increased stress.

## LEGAL BACKGROUND

2.      Mr. Bernadin is an adult resident of Fort Worth, Texas.

3.      Defendant is a Delaware corporation that does business in Indiana, including via the operation of the Hotel and the Café.

4.       This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12182, *et seq.*, based upon Defendants' discriminatory actions towards Mr. Bernadin.

5.      The Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.,* is a federal statute that imposes enforceable standards addressing discrimination against individuals with disabilities in various institutions, services, and accommodations.

6.      Title III of the ADA prohibits discrimination based on disability in public accommodations. Private entities covered by Title III of the ADA include places of lodging (like the Hotel) and establishments serving food and drink (like the Café). 42 U.S.C. § 12182.

7.      Mr. Bernadin qualifies as an individual with a disability because he suffers from a mental impairment in the form of combat-induced post-traumatic stress disorder that substantially limits one or more major life activities. 42 U.S.C. § 12102.

8.      Bronze qualifies as a service dog under the ADA.  The Technical Assistance Manual issued to assist with compliance of Title III of the ADA defines a service animal as "any animal individually trained to do work or perform tasks for the benefit of an individual with a disability.  1 ADA Title III Technical Assistance Manual III-4.2300. Bronze qualifies as a service animal under this statute.  Bronze is individually trained and certified to assist Mr.

US.113024545.01

Bernadin in coping with his disability and functioning in his daily activities by performing specific tasks.

9.      Venue is proper in the Southern District of Indiana because a substantial part of the events giving rise to the claims occurred in this District.  In addition, Defendant maintains a place of business in this District.

## FACTUAL BACKGROUND

10.      Mr. Bernadin is a combat veteran who served as both a Naval Technician in Afghanistan and in a Naval detainee camp in Iraq.

11.      Mr. Bernadin survived a massive suicide bombing in Afghanistan that killed fourteen of his brothers-in-arms.  As a result, Mr. Bernadin suffers from extreme post-traumatic stress disability and depends on Bronze—his service animal—to help mitigate his disability.

12.      Bronze is a fully certified service animal trained to do work and perform tasks for Mr. Bernadin's benefit, including detecting the onset of psychiatric episodes and lessening their effects.  Bronze does this by creating a barrier between Mr. Bernadin and unwanted individuals. Bronze is additionally tasked with creating a block from behind Mr. Bernadin, thereby covering his "six" and not allowing anyone to approach Mr. Bernadin from behind.  Mr. Bernadin additionally suffers from sciatic and lower lumbar issues, and Bronze aids him with mobility tasks and other day to day activities.

13.      Mr. Bernadin relies upon Bronze to both cope with his disability and to function in his day to day life. Bronze accompanies Mr. Bernadin at all times, and is trained to function in any location Mr. Bernadin is likely to find himself like restaurants, stores, hotels, etc.

US.113024545.01

14.     Mr. Bernadin and Bronze are featured in a documentary entitled *When War Comes Home* that focuses on the struggles and challenges soldiers with post-traumatic stress disability face when they return home.

15.     *When War Comes Home* has won the endorsement of Peter W. Chiarelli, a retired United States Army general who served as the 32nd Vice Chief of Staff of the U.S. Army and is a leading authority on post-traumatic stress disability.

16.     It was this film that brought Mr. Bernadin to Indianapolis in October of 2016. *When War Comes Home*  premiered at the Heartland Film Festival (the "Festival"), and the Festival arranged for Mr. Bernadin's accommodations at the Sheraton so that he might attend the premiere and promote awareness regarding combat veterans' struggles with post-traumatic stress disability.

17.     On the morning of October 23, 2016, Mr. Bernadin and Bronze—clad in his service animal vest—entered the Café for the breakfast buffet.

18.     After Mr. Bernadin prepared his plate at the buffet, he was met by a Hotel employee who refused to allow him to sit at his chosen table.  Instead, she insisted that he sit separate from the other guests.

19.     When Mr. Bernadin questioned this action (and even displayed an ADA card setting forth his rights), management claimed that it is a health and safety violation to have Bronze so near both the food and the other guests.

20.     When Mr. Bernadin correctly pointed out the inaccuracy of this statement, management conferred with the Hotel employee and a new narrative emerged:  now, a complaint had supposedly been lodged about Bronze being too near the buffet.

21.     Bronze, however, is allowed to accompany Mr. Bernadin on his trip to the breakfast buffet. The Technical Assistance Manual specifically provides that restaurants must permit a service dog to accompany its owner in "all areas of the restaurant open to other patrons."   *See* 1 ADA Title III Technical Assistance Manual III-4.2300.  This would include the breakfast buffet.

23.     Before the conversation with the manager, Mr. Bernadin activated live streaming via Facebook and began broadcasting the incident on his Facebook feed. The video is archived with a date stamp of October 23, 2016 on Mr. Bernadin's Facebook page and remains publicly viewable here:

https://www.facebook.com/emmanuel.bernadin/videos/10211979859751072/?fref=mentions

24.     As the situation escalated, security arrived and Mr. Bernadin and Bronze were asked to leave the premises.  Mr. Bernadin ultimately complied with this request despite:

> (i) the gross violation of his rights;

> (ii) the complete lack of sensitivity to his disability and his service to this country; and

> (iii) the fact that he was left alone in an unfamiliar city with no transportation or any idea where he might be able to find replacement lodging.

25.     Almost a week later, on October 28, 2016, Jennifer Bauchner—the general manager of the Hotel—sent Mr. Bernadin an email of apology and assured him that she has recommunicated to her entire team the importance of service animals.  A copy of this email is attached hereto as Exhibit A.  The Defendant, however, has refused to offer any type of nationwide training to remedy its violations.

26.     As a result of the ADA violations Defendant committed at the Hotel, Mr. Bernadin became emotionally distraught, angry, insulted, and depressed.

27.     Mr. Bernadin has experienced persistent depression and stress due to the manner in which he was treated, has suffered extreme loss of sleep, and now experiences severe anxiety any time he has to enter a hotel with Bronze.

28.      This anxiety has made Mr. Bernadin's travel to discuss the documentary and the struggles facing veterans even more difficult

## LEGAL CLAIM

29.     The Defendant violated Title III of the ADA, 42 U.S.C. § 12182, by refusing to provide Mr. Bernadin equal access to its facilities at the Café on or about October 23, 2016, removing him from the Hotel entirely when he questioned the propriety of this refusal, and discriminating against him on the basis of his disability.

WHEREFORE, Mr. Bernadin respectfully requests that this Court:

1.     Award Mr. Bernadin nominal damages for the violations set forth above;

2.     Award Mr. Bernadin compensatory damages for  harm and  injuries  suffered  as a result of the violations set forth above.

3.     Award Mr. Bernadin his costs and reasonable attorneys' fees pursuant to 42 U.S.C.§ 1988 and  42 U.S.C. § 12133

4.     Enjoin Defendants from discriminating against Mr. Bernadin, or any other person, because of their disability or need for a service animal to mitigate their disability.

5.     Order Marriott to train all of its employees with respect to the ADA and the rights of those with disabilities and requiring the aid of service animals.

6.     Award all other proper relief.

US.113024545.01

## <u>DEMAND FOR JURY TRIAL</u>

Emmanuel Jackson Bernadin, Jr. respectfully requests a trial by jury on all issues so triable.

Date: August 11, 2017                      Respectfully submitted,


/s/ Louis T. Perry
Louis T. Perry (#25736-49)
louis.perry@faegrebd.com
Katrina Gossett Kelly (#28583-49)
katrina.kelly@faegrebd.com

FAEGRE BAKER DANIELS LLP
300 North Meridian St., Suite 2700
Indianapolis, IN 46204
(317) 237-0300
(317) 237-0000 (Fax)

*Counsel for Plaintiff,*
*Emmanuel Jackson Bernadin, Jr.*

US.113024545.01