```
                    UNITED STATES DISTRICT COURT
                    SOUTHERN DISTRICT OF INDIANA
                       INDIANAPOLIS DIVISION
```

| | | |
|---|---|---|
| EMMANUEL JACKSON BERNADIN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-02753-TWP-TAB |
| | ) | |
| MARRIOTT INTERNATIONAL INC., | ) | |
| HOST INDIANAPOLIS I LP, | ) | |
| HST LESSEE KEYSTONE LLC d/b/a | ) | |
| SHERATON INDIANAPOLIS HOTEL, | ) | |
| KEYSTONE HOTEL PROPCO LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MAY 17, 2018, TELEPHONIC STATUS CONFERENCE**

In this action, Plaintiff alleges racial discrimination under 42 U.S.C. § 1981 and disability discrimination under Title III of the Americans with Disability Act. Plaintiff is an African American male who uses a service animal to accommodate his disability, and he claims he was subjected to discrimination when he checked in to Defendants' hotel and later at the hotel café. On May 17, 2018, the Court held a telephonic status conference and discussed with the parties Defendants' motion to amend the Case Management Plan and to bifurcate discovery. Defendants seek to enlarge deadlines and to stay all discovery related to the ADA claim until this Court rules on the pending motion to dismiss the ADA claim for lack of subject matter jurisdiction. Pursuant to those discussions, Defendants' motion is granted in part and denied in part. [Filing No. 70.]

The Court grants Defendants' unopposed motion to amend the CMP to enlarge deadlines as follows: (1) Plaintiff must file expert disclosures by December 10, 2018; (2) Defendants must file expert disclosures by January 9, 2019; (3) both parties must file final witness and exhibit lists by January 2, 2019; (4) both parties must file any dispositive motions by November 9, 2018; (5)

discovery on liability must be completed by September 9, 2018; and (6) expert discovery and discovery related to damages must be completed by March 11, 2019. The parties request the enlargement so they may depose a large number of witnesses, some of which may require cross-country travel. The new dispositive motion deadline is within seven months of the current trial date which may need to be moved.

Defendants seek to bifurcate the ADA and § 1981 claims. Defendants argue the claims can be separated easily without impeding judicial economy. They contend that the incidents giving rise to Plaintiff's claims happened on separate days and involved largely separate witnesses. They contend that at least fifteen depositions involve witnesses that either only have knowledge related to the § 1981 claim or whose testimony may be moot if the Court grants the motion to dismiss the ADA claim. Therefore, the witnesses would not need to be questioned about both claims and bifurcation could be more efficient. Plaintiff counters that the two incidents are intertwined, and that some witnesses have broader responsibilities over hotel operations independent of whether they were present during any one incident. Therefore, bifurcating discovery would be difficult and less efficient because Plaintiff would likely have to repeat depositions.

Bifurcation is not appropriate in this instance. "Bifurcation of discovery may be appropriate when separating issues will avoid unnecessary time and expense and further the interest of expedition . . . ." *Eli Lilly & Co. v. Valeant Pharms. Int'l*, No. 1:08-cv-1720-SEB-TAB, 2009 U.S. Dist. LEXIS 114511, at *5 (S.D. Ind. Dec. 4, 2009) (internal quotation marks and citations omitted). "The decision to bifurcate discovery is a matter committed to the discretion of the trial court as it has the inherent power to control its docket." *Id.* at *6; *see*

*Sattar v. Motorola, Inc.*, 138 F.3d 1164, 1171 (7th Cir. 1998) ("[D]istrict courts have broad discretion in matters related to discovery.").

Bifurcation would likely cause judicial and economic inefficiencies because the two claims are intertwined. In the amended complaint, Plaintiff expressly contends that both types of discrimination occurred in tandem by alleging that Plaintiff was treated differently than "Caucasians with a service animal." [Filing No. 31, at ECF p. 11, ¶ 60.] Based on this allegation, some witnesses would likely be deposed for both claims. Requiring multiple depositions of the same witness could lead to disputes over whether a question relates to the ADA claim or the § 1981 claim, and would be unnecessarily duplicative. This would jeopardize judicial efficiency, not promote it. Bifurcating discovery on Plaintiff's intertwined ADA and §1981 claims would be inefficient and result in additional costs.

For these reasons, the Court grants the unopposed motion to amend the CMP to enlarge deadlines. [Filing No. 70.] However, the Court denies Defendants' request to bifurcate and stay any discovery related to Plaintiff's disability discrimination claim.

Date: 5/23/2018

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution: All ECF-registered counsel of record by email.